PETRO DZINBIENSKI, Appellant, *v.* THE J. L. MOTT IRON WORKS, Respondent.

*Negligence — injury from the cogwheel of a crane defective because having no "dog."*

Where an employee is directed to hoist a weight with a crane which he has never seen operated before, and which to the knowledge of his employer was defective in not having a mechanical contrivance called a "dog" to drop into the cogwheels to hold the weight when raised; and, being unaware of this defect, the employee provides himself with nothing to use in place of the "dog," and, in an endeavor to obey an order to insert something in the cogwheels, his fingers are caught between the cogs and are injured, the submission to the jury, in an action brought to recover damages for such injury, of the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence is proper.

The employee in such case is not bound to examine the crane to see whether it is defective, but is justified in assuming that it is in good condition.

APPEAL by the plaintiff, Petro Dzinbienski, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of December, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term.

*Eugene Cohn,* for the appellant.

*Charles C. Nadal,* for the respondent.

HATCH, J.:

This action was brought to recover for a personal injury received by the plaintiff while working in the defendant's foundry as a moulder's helper. The moulders work singly or in couples preparing the moulds, which, when in the wooden or iron casings, are called flasks. Each set of moulders has a helper. The helper is subject to the direction of the moulders, carries the sand and boxes, screens the sand and puts it into the flasks. The party works near the foot of a crane, used for hoisting and moving the flasks from place to place. The plaintiff was injured while operating this crane by having his finger caught in the cogwheels and cut off. The crane consisted of two iron uprights standing about a foot apart and about fifteen feet high, called a mast. From the mast extended an arm, or boom, which swung on a circle. Between the uprights of the mast near the floor, is a drum to which is attached a cable which runs thence to the top of the mast, thence to the free end of the arm and then drops, forming what is termed a fall. On the shaft of the drum at the outside of the mast is a large cogwheel which engages a smaller cogwheel, and for the purpose of operating the machine a crank may be attached to either the large or small wheel, the smaller being used for the lifting of very heavy weights. On a crane of this kind the means employed for holding the weight when raised to the desired height is a mechanical contrivance called a " dog," which is so placed as to permit of being dropped into the cogs. This appliance had been gone from this particular machine for at least a year, and the only means of sup-

plying its place was to insert an iron spike, or other piece of iron, in the cogwheels.

Plaintiff had worked for the defendant for about eight years, and during some of the time had performed the duties of a moulder's helper in another shop where the cranes were operated in a wholly different manner. He had never seen this machine operated before. On the morning of the accident plaintiff was directed to take the place of a helper who had left, and while engaged in shoveling sand was suddenly called upon by the moulders to assist in raising a flask by the use of this crane, his duty being to do the lifting by turning the crank. Not being aware of the defect in the machine, he did not provide himself with anything to use in place of the dog. The flask weighed about 3,000 pounds. When it had been raised to the height of about four feet he was told by the moulders to stop "and put something in there, a piece of iron or nail, and stop." In endeavoring to obey this order the plaintiff, in some manner, got his finger between the cogs and received the injury of which complaint is made. It appears that plaintiff was not told of any defect in this machine, nor instructed as to the proper method of working it.

On this state of facts the court below, at the close of the plaintiff's case, dismissed the complaint on the ground that his own negligence contributed to the accident. In this we think the court was in error. The questions involved required a submission of the case to the jury. The defendant owed to its servant the duty of providing a place and a machine reasonably safe for the work which he was directed to perform. The machine which the plaintiff was called upon to use was clearly defective and unsafe, and it was for the jury to determine whether the master had adopted all reasonable precaution to shield him from the danger he was exposed to in the use of the crane before requiring him to operate the same.

Nor should it be said as matter of law that the danger was so obvious that the plaintiff was chargeable with the risk. He had had no experience in the use of this machine. Nor was he informed that it was in any way defective. His attention could not have been directed to the defect except by use of the machine, or by having his attention particularly called to it by the master or the fellow-workmen. He was not bound to examine the derrick to see

if it was defective, but was justified in assuming that it was in good condition.

The defendant had notice of the defective condition of this crane, through its foreman, Carroll, before the accident occurred. Under these circumstances, it was for the jury to say whether the injury was the natural and direct result of the negligence of the defendant, or was contributed to by the negligence of the plaintiff, and the dismissal of the complaint was error.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.